Boyd Cloern
202 429 6230
bcloern@steptoe.com

Steptoe

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

December 5, 2023

Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

Re:   *Motorola Solutions, Inc., et al., v. Hytera Communications Corporation Ltd.*,
      Nos. 22-2370 & 22-2413

When I appeared on behalf of Hytera at this morning's argument, Judge Hamilton asked me whether we argued in our reply brief that Motorola's lost profits are a legal remedy that can only be awarded by a jury and not be the district court. I answered that we had. Having reviewed the reply, I write to provide additional clarification.

Our reply addresses the issue at pp. 29-30. It explains there that the district court held that the jury's damages award did "not reflect Motorola's actual losses" and that it "[t]hus" treated the award solely as an advisory one "on the equitable issue of disgorgement." The premise of that statement is a point well-understood by the parties and the district court: An award of Motorola's actual losses is a legal remedy that the Seventh Amendment assigns to the jury, while disgorgement of Hytera's profits is an equitable matter for the court. The reply cites A67, where Judge Norgle explains as much. And Motorola itself argued in the district court that "the damages award comprises lost profits, at least in part, and Hytera makes no argument that lost profits are equitable in nature. Thus, the jury's damages award is undeniably legal in nature." R.968 at 15. Our reply also argues (at 30) that "a jury would need to resolve in the first instance" any disputes over "flaws in Motorola's lost profits analysis."

We also referred to this history in our opening brief in this Court at 12-13 & n.2. Finally, Motorola's cross-appeal brief in this Court does not contend (nor did Mr. O'Quinn contend at argument) that its alleged lost profits are an equitable remedy that can be awarded by the court—a contention that, again, would be the precise opposite of what Motorola told the district court.

I appreciate the Court's indulgence.

Respectfully submitted,

/s/ Boyd Cloern
Boyd Cloern
    *Counsel of Record*
Mark C. Savignac
John William Toth
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000
(202) 429-3902 (fax)
bcloern@steptoe.com

*Attorneys for Hytera Communications Corp. Ltd.*

cc:    All counsel of record

## CERTIFICATES OF SERVICE AND COMPLIANCE

I hereby certify that this filing is 301 words, and therefore complies with the word limitations of Federal Rule of Appellate Procedure and this Circuit's local rules.

I hereby certify that on December 5, 2023, I electronically filed the foregoing letter brief with the Clerk of the Court by using the appellate CM/ECF system. Counsel of record are registered CM/ECF users.

*/s/ Boyd Cloern*
Boyd Cloern