UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| MOTOROLA SOLUTIONS, INC., and MOTOROLA SOLUTIONS MALAYSIA SDN. BHD., <br><br> Appellees/Cross-Appellants, <br><br> v. <br><br> HYTERA COMMUNICATIONS CORPORATION LTD., <br><br> Appellant/Cross-Appellee. | Nos. 22-2370, 22-2413 |

**UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE PETITION FOR REHEARING AND REHEARING *EN BANC***

Hytera Communications Corporation Ltd. ("Hytera") respectfully moves this Court for a three-week extension of time, to and including August 6, 2024, within which to file a petition seeking rehearing and rehearing *en banc* in these consolidated appeals.

1. On July 2, 2024, the Court issued a published decision in these consolidated appeals and entered the judgment. Dkts. 65, 66. This Court's opinion is 78 pages. The Court reversed in part and affirmed in part the judgment, and remanded the case for further proceedings. Under Federal Rules of Appellate Procedure 35(c) and 40(a)(1), any petition for rehearing must be filed within

1

fourteen days after entry of judgment unless the time is enlarged by order. Therefore, unless the time is extended here, Hytera's deadline to file a petition is July 16, 2024. Several considerations support this extension request.

2. First, the extension of the rehearing deadline is necessary to allow Hytera and its counsel sufficient opportunity to study the 78-page opinion and determine the next steps—including which issues to present in a rehearing petition and how to best present them. The Court itself recognized that this is a "complicated and sprawling" high-stakes intellectual property case. (Slip op. 3.)

3. Second, Hytera has reasonable grounds for filing a rehearing petition. For example, the Court found that Hytera had forfeited its DTSA apportionment argument by failing to challenge in its opening brief the district court's purported "express calculations and finding" of Motorola's lost profits and Hytera's avoided R&D. (Slip op. 51-55.) But while Motorola had proposed specific calculations and findings in its draft order on these issues, Judge Norgle *removed* them before signing that order. *Compare* Motorola's proposed order at Dkt. 1095 at p. 4 (¶ 10 & notes 3-4) and p. 33 (¶ 3), *with* Judge Norgle's order at Dkt. 1100 at pages 4, 30. Judge Norgle removed those proposed calculations and findings from his order because, as he explained, he was reversing his earlier ruling that the jury's award was based on Motorola's lost profits. *E.g.*, Dkt. 1100 at ¶ 12. Judge Norgle explained in the order released on the very same day: "With a cool head and a

2

keen eye, the Court has reviewed" the parties extensive submissions with respect to the proposed findings and "[i]t's clear, and the parties agree, that the Court took an incorrect view of the nature of the $135.8 million award under the DTSA. *** [T]he 135.8 million was Hytera's profits to be disgorged, not a market share of Motorola's lost profits …." (Dkt. 1099). Hytera had not previously detailed the relevant (and complicated) history to this Court or its position on any forfeiture of DTSA apportionment. Hytera did not understand that Motorola was even arguing in the briefing that Hytera should have challenged any such "findings" in its opening brief and therefore is subject to forfeiture. (Motorola had raised a forfeiture argument on a different ground, which the Court rejected. Slip op. 18 n.6.)

4. Third, aside from the federal holiday of July 4, Hytera's counsel in this appeal bear primary responsibility for other active matters requiring significant attention. For example, Hytera's lead counsel in this appeal and team are defending a deposition today (July 5), working with experts on reply expert reports due on July 12, and will be taking/defending expert depositions the following week—all deadlines in the underlying contempt proceedings. Hytera's appellate counsel has other deadlines that cannot be moved—for example, a rehearing petition due in the Sixth Circuit on July 15—and has previously-scheduled family vacation for the first two weeks of July.

3

5.  Third, the preparation of any petition for rehearing will involve collaboration among a number of attorneys representing Hytera. This collaboration will require sufficient time to complete.

6.  Counsel for Hytera have worked diligently on this case, and intend to continue doing so. A petition for rehearing, if any, will be filed within the additional time requested.

7.  Hytera notified Motorola's counsel that it intends to seek a three-week extension of the due date for seeking rehearing, citing counsel for Hytera's other work obligations including those in the underlying contempt proceedings. Motorola's counsel, John C. O'Quinn, responded that Motorola does not object to a three-week extension of the due date for rehearing.

Accordingly, Hytera request a three-week extension of time, to and including August 6, 2024, in which to file its rehearing petition.

Dated: July 5 2024                               Respectfully submitted,

　　  s/   Alice E Loughran         .
Boyd Cloern
Alice E. Loughran
STEPTOE LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone:  (202) 429-3000
Facsimile:  (202) 429-3902

Attorneys for Hytera Communications Corp.

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| MOTOROLA SOLUTIONS, INC., and MOTOROLA SOLUTIONS MALAYSIA SDN. BHD., <br><br> Appellees/Cross-Appellants, <br><br> v. <br><br> HYTERA COMMUNICATIONS CORPORATION LTD., <br><br> Appellant/Cross-Appellee. | Nos. 22-2370, 22-2413 |

## DECLARATION OF ALICE E. LOUGHRAN

I, Alice E. Loughran, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am a partner of the firm Steptoe LLP, counsel for Hytera Communications Corporation Ltd. ("Hytera") in these consolidated appeals. I submit this declaration in support of Hytera's motion for a three-week extension of time in which to file a petition for rehearing and rehearing *en banc*.

2.     On July 2, 2024, the Court issued a published decision in these consolidated appeals and entered the judgment. Dkts. 65, 66. Unless the time for rehearing is extended here, Hytera's deadline to file a petition is July 16, 2024. Several considerations support this extension request.

1

3. First, the extension of the rehearing deadline is necessary to allow Hytera and its counsel sufficient opportunity to study the 78-page opinion and determine the next steps—including which issues to present in a rehearing petition and how to best present them. The Court itself recognized that this is a "complicated and sprawling" high-stakes intellectual property case. (Slip op. 3.)

4. Second, Hytera has reasonable grounds for filing a rehearing petition—for example, on the Court's finding that Hytera had forfeited its DTSA apportionment challenge (Slip op. 51-55) and on the Court's DTSA extraterritoriality ruling (Slip op. 25-42).

5. Third, aside from the federal holiday of July 4, Hytera's counsel in this appeal bear primary responsibility for other active matters requiring significant attention. For example, Hytera's lead counsel in this appeal (Mr. Cloern) and team are defending a deposition today (July 5), working with experts on reply expert reports due on July 12, and will be taking/defending expert depositions the following week—all deadlines set in the underlying contempt proceedings. Hytera's appellate counsel has other work deadlines—for example, a rehearing petition due in the Sixth Circuit on July 15—and previously-scheduled family vacation for the first two weeks of July.

6. Third, the preparation of any petition for rehearing will involve collaboration among a number of attorneys representing Hytera. This collaboration will require sufficient time to complete.

7. Counsel for Hytera have worked diligently on this case, and intend to continue doing so. A petition for rehearing, if any, will be filed within the additional time requested.

8. I notified Motorola's counsel that Hytera intends to seek a three-week extension of the due date for seeking rehearing, citing counsel for Hytera's other work obligations including those in the underlying contempt proceedings. Motorola's counsel, John C. O'Quinn, responded that Motorola does not object to a three-week extension of the due date for rehearing.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 5, 2024

        /s/   Alice E. Loughran
        Alice E. Loughran
        aloughran@steptoe.com
        STEPTOE LLP
        1330 Connecticut Avenue NW
        Washington, DC 20036
        Telephone:  (202) 429-6202
        Facsimile:  (202) 429-3902

## CERTIFICATE OF SERVICE

    I certify that I caused the foregoing motion to be filed with the Clerk of the United States Court of Appeals for the Seventh Circuit via the CM/ECF system and served a copy on all counsel of record, this 5th of July 2024, by the CM/ECF system.

                                                      /s/   Alice E. Loughran  
                                                       Alice E. Loughran